**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

WALTER OMAR ALFARO CRUZ,

      Petitioner,

    v.

MICHAEL BERNACKE, *et al*.,

      Respondents.

Case No.: 2:26-cv-00080-RFB-BNW

**ORDER ENFORCING (ECF NO. 17) CONDITIONAL WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Walter Omar Alfaro Cruz's (ECF No. 20) Motion to Enforce this Court's February 25, 2026 (ECF No. 17) Order Granting Petitioner a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court finds Federal Respondents failed to comply with this Court's Order granting Petitioner a conditional writ of habeas corpus. The Court therefore grants the Motion to Enforce and orders Petitioner's release on personal recognizance.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Augusto Cruz Perez, who has lived in this country for nearly twenty years, was unlawfully arrested and detained by ICE in July of 2025, pursuant to 8 U.S.C. § 1225(b)(2)(A). See Order Granting Writ of Habeas Corpus ("Order Granting Writ") at 1–2, ECF No. 17. He has remained in ICE detention since, *for nearly one year*. On February 24, 2026, this Court found Petitioner's detention without consideration for release on bond or conditional parole under § 1226(a) was unlawful under the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. See id. The Court ordered Respondents to provide Petitioner a

"constitutionally adequate bond" by February 27, 2026, "wherein the government bears the burden of establishing an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings" or immediately release him from detention on his own recognizance. Id. at 3.

On February 27, 2026, a bond hearing was held before Immigration Judge ("IJ") Lindsy Roberts. See Federal Resp'ts' Opp'n to Mot. to Enforce [hereinafter "Opp'n"], Ex. A, ECF No. 25-1 (Order of the IJ in Custody Redetermination Proceedings [hereinafter "Bond Order"]); see Pet'r's Mot. to Enforce., Ex. A, ECF No. 21-1 (Recording of Custody Redetermination Proceeding [hereinafter "Recording"]). Despite acknowledging this Court's habeas Order, which specifically required *the government* to establish Petitioner's dangerousness or flight risk, the IJ placed the evidentiary burden on Petitioner to establish that he was *not* dangerous or at risk of absconding. See Bond Order at 2 (stating her bond determination was based on the standard and factors set forth by the BIA in Matter of E-Y-F-G-, 29 I&N Dec. 103, 104 (BIA 2025) (agreeing with DHS that the noncitizen "has not met *her burden* on flight risk.") (emphasis added)).

Even with the burden on Petitioner, the IJ found he was not dangerous. See id. at 3. Nevertheless, the government argued Petitioner was a flight risk based solely on the status of his removal proceedings, *i.e.*, the fact that Petitioner was denied relief from removal to El Salvador in October 2025. See Recording at 10:00–11:47. The IJ denied Petitioner bond based on a finding that he was a flight risk based on evidence the government did not submit or argue relating to his ties to multiple states because his ex-girlfriend lives in Ohio, his sister lives in Salt Lake City, and his son lives in Ohio, see id. at 16:40–19:10, and that his "pending appeal at the BIA . . . should be resolved in the near future." See Bond Order at 2. The IJ further failed to account for Petitioner's testimony that he intended to return to Salt Lake City, where he had lived prior to his arrest, to live with his sister. See Recording at 4:00–6:00; 16:57–19:10. Petitioner's appeal remains pending over five months after it was filed. See Pet'r's Mot. to Enforce at 3, ECF No. 20.

On March 19, 2026, Petitioner filed the instant Motion to Enforce, which asserted the bond hearing failed to comply with the Court's order because it was not constitutionally adequate and

the evidentiary burden was placed on Petitioner, and under any standard of proof, the IJ's bond denial was an abuse of discretion. See Pet'r's Mot. to Enforce at 5–6, ECF No. 20. Petitioner argues that based on the Federal Respondents' failure to comply with this Court's habeas Order, the appropriate remedy is his immediate release from custody. Id. at 6–7. On March 26, 2026, Federal Respondents filed their Opposition. See Opp'n, ECF No. 25. On April 2, 2026, Petitioner filed his Reply. See Reply, ECF No. 26.  The Court's Order granting the Motion to Enforce follows.

## II.    DISCUSSION

### A.  Legal Standard

When this Court granted Petitioner a writ of habeas corpus, "it declare[d] in essence" that Petitioner was "being held in custody in violation of his constitutional (or other federal) Rights." Harvest v. Castro, 531 F.3d 737, 741 (9th Cir. 2008) (citing 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody[.]"). However, rather than the traditional remedy of "unconditional release from custody," this Court employed a conditional order of release, which afforded the government an opportunity to promptly "take[] some remedial action" or release Petitioner on personal recognizance. See id. at 741–42 (citing Wilkinson v. Dotson, 544 U.S. 74, 89 (2005) (Kennedy, J., dissenting) (describing the "common practice of granting a conditional writ," that is, "ordering that a State release the prisoner or else correct the constitutional error through a new hearing")).

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." Rose v. Guyer, 961 F.3d 1238, 1246 (9th Cir. 2020) (first quoting Jensen v. Pollard, 924 F.3d 451, 454 (7th Cir. 2019) then citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). If the government "failed to cure the constitutional error, *i.e*., when it fails to comply with the order's conditions, . . . the conditional grant of habeas corpus *requires* the petitioner's release from custody." Id. (quoting Harvest, 531 F.3d at 750) (emphasis in original).

Upon the filing of a motion to enforce a conditional writ, "a district court must decide whether [the government] has complied with the remedy designed in the underlying habeas

proceedings." Id. at 1246 (citing Jensen, 924 F.3d at 454–55). "This decision will in turn determine whether" the government "cured the constitutional violation adjudicated in the habeas proceeding or whether the petitioner is entitled to immediate release from his unconstitutional detention." Id. (citing Jensen, 924 F.3d at 454–55; Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006)).

### B. Jurisdiction

Although Federal Respondents do not explicitly challenge the Court's jurisdiction to review the IJ's bond determination for compliance with this Court's habeas Order, the Court considers whether 8 U.S.C. § 1226(e) presents a jurisdictional bar and finds that it does not. See United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004) ("[A] district court ha[s] a duty to establish subject matter jurisdiction . . . whether the parties raised the issue or not."). Section § 1226(e) provides: "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." "That provision does not, however, preclude habeas jurisdiction over constitutional claims or questions of law." Hernandez v. Sessions, 872 F.3d 976, 987 (9th Cir. 2017) (quotation marks and citations omitted); see also Martinez v. Clark, 124 F.4th 775, 781 (9th Cir. 2024) (citing Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011) ("§ 1226(e) does not strip a district court of its traditional habeas jurisdiction, bar constitutional challenges or preclude a district court from addressing a habeas petition challenging the statutory framework that permits the petitioner's detention without bail.") (alterations in original) (citations and quotation marks omitted)). For example, Petitioner's claim that "the standard of proof applied in his [bond] hearing" was unconstitutional is "cognizable in habeas despite the jurisdictional restrictions in § 1226(e)." Hernandez, 872 F.3d at 988 (quoting Singh, 638 F.3d at 1203).

Consistent with Martinez, the Court finds it has jurisdiction to consider whether Petitioner's bond hearing and bond determination complied with this Court's conditional Writ requiring a constitutionally adequate bond hearing by February 27, 2026, where the burden to establish Petitioner's dangerousness or flight risk would be shifted to the government. See Martinez, 124 F.4th at 784 (holding the district court had jurisdiction to review the IJ's (and Board of Immigration Appeals') bond determination for compliance with the Due Process Clause, and

its habeas order, which "require[d] the government to show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community at the time of the bond hearing.") (quoting Martinez v. Clark, 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

### C. Compliance and Constitutional Adequacy of Petitioner's Bond Hearing

The Court finds the February 27, 2026 bond hearing clearly failed to comply with the Court's conditional writ, which required that *the government bear the burden* of establishing Petitioner's dangerousness or flight risk. Order Granting Writ at 3, ECF No. 17. The government's sole argument that Petitioner is a flight risk was based on the status of his removal proceedings—and the IJ adopted that argument in determining Petitioner was a flight risk. That fact alone, however, was, as a matter of law, insufficient to justify the denial of bond. See Singh v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011) (Noting "the only evidence ... cited for ... the IJ's conclusion that [the petitioner] was a flight risk was the fact" the petitioner "had already been ordered removed by a final, administrative order, diminishing his incentive to appear for further removal proceedings" and finding that consideration alone, which was common to most noncitizens subject to prolonged detention during removal proceedings, was not sufficient evidence of flight risk to justify the denial of bond.).

The additional evidence that the IJ relied on in denying Petitioner—namely his ties to multiple different states—was not submitted or argued by the government, so it could not justify the IJ's finding that *the government* met its burden of establishing flight risk.

Finally, Federal Respondents concede that as a matter of compliance with this Court's habeas order and due process, the burden was on the government to establish dangerousness or flight risk "by clear and convincing evidence." See Opp'n at 3–4. But they assert Petitioner's assertion that the evidentiary burden was placed on Petitioner, not the government, is "speculation" because the IJ never stated on the record which party bore the burden of proof. Id. at 4. But this Court has little difficulty concluding the burden was wrongly based on Petitioner for two reasons. First, the IJ specifically cited BIA precedent which unequivocally states the burden is on the noncitizen to establish that they are not dangerous or a flight risk, in support of her bond denial. See Bond Order at 2 ("Taking into account all of the factors set forth by the BIA in Matter of E-

Y-F-G-, 29 I&N Dec. 103, 104 (BIA 2025), the Court finds that the respondent is a substantial risk of flight."). Second, the IJ relied on evidence that was not submitted or argued by the government in support of her flight risk finding. Id. ("The Court does find that the respondent is a flight risk. He was living with a romantic partner prior to being detained. However, his partner has now relocated to Ohio. While he has a sister living in Utah, he has no other family ties other than a child who resides in Texas."). Evidence that the government never submitted obviously cannot support a finding that *the government* met *its* evidentiary burden. Thus, the Court finds the bond hearing and the IJ's bond determination was based on the ordinary procedures under § 1226(a), which place the burden of establishing eligibility for release on bond *on the detainee*, in violation of this Court's habeas Order. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (explaining that an initial bond hearing under § 1226(a) requires the detainee to demonstrate "by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,'" to obtain release) (citing Matter of Guerra, 24 I&N Dec. 37, 40 (B.I.A. 2006); Matter of Barreiros, 10 I. & N. Dec. 536, 537–38 (B.I.A. 1964)).

Because the Court finds Federal Respondents obviously failed to comply with this Court's conditional writ, which required the government to bear the evidentiary burden at Petitioner's "constitutionally adequate" bond hearing by February 27, 2026, "or immediately release him from custody on his own recognizance[,]" Petitioner is entitled to release on personal recognizance. See Rose, 961 F.3d at 1246 (If the government "fails to cure the constitutional error, *i.e.*, when it fails to comply with the order's conditions, . . . the conditional grant of habeas corpus *requires* the petitioner's release from custody.")

### III.    CONCLUSION

Based on the foregoing **IT IS HEREBY ORDERED** Petitioner's (ECF No. 20) Motion to Enforce is **GRANTED**.  The Court enforces its judgment and **HEREBY ORDERS** the following:

(1) Respondents must **IMMEDIATELY RELEASE** Petitioner from custody on **PERSONAL RECOGNIZANCE**, and in any event **BY NO LATER** than **2:00 pm**

**on May 21, 2026**. This means Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If ICE/DHS imposes release conditions in violation of this Order, the Court will consider contempt sanctions against all individuals responsible for the imposition of such conditions.

(2) Respondents must **INFORM** counsel for Petitioner of the anticipated date, time and location of Petitioner's release from detention **AS SOON AS PRACTICABLE**, and in any event, **AT LEAST TWO HOURS IN ADVANCE**. At minimum, counsel for Respondents must notify counsel for Petitioner as soon as Petitioner is released from Nevada Southern Detention Center and in transit to the ICE Field Office for processing.

(3) Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE.** If ICE/DHS fails to do, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** the parties shall file a joint status report by **12:00 p.m. on May 22, 2026**. confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release and (ii) ICE/DHS' compliance with this Court's directives concerning release on personal recognizance.

**DATED:** May 20, 2026.


_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 7 -